UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MESCHAC MUNONGO,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.

Case No. 1:26-cv-2240

Honorable Robert J. Jonker

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### **I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.26.) In an order entered on August 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on August 10, 2026, (ECF No. 5) and Petitioner filed a reply on August 13, 2026, (ECF No. 8).

With his petition, Petitioner also filed an emergency motion for a temporary restraining order, asking the Court to enjoin Respondents from removing Petitioner from the United States to Cameroon or any other previously undesignated third county, enjoin Respondents from transferring Petitioner outside of the District, and order Respondents to release Petitioner from custody. (ECF No. 3.) Petitioner filed a second motion for a temporary restraining order on August 12, 2026. (ECF No. 6.)

On August 13, 2026, the Court denied Petitioner's motions for a temporary restraining order, explaining that, because Petitioner is subject to a final order of removal and cites no authority for the Court to interfere with Respondents' efforts to implement that order, Petitioner cannot show a likelihood of success on the merits of the removal issue. (Order, ECF No. 7, PageID.115.) The Court also noted that "[t]he lawfulness of the original decision to terminate the terms of Petitioner's supervision conditions is a separate issue currently in expedited briefing before the Court." (*Id.*)

## II. Factual Background

Petitioner is a native and citizen of the Democratic Republic of Congo. (Notice to Appear (NTA), ECF No. 5-1, PageID.79.) Petitioner entered the United States at the Laredo, Texas Port of Entry on January 10, 2019. (*Id.*) DHS initially placed Petitioner in expedited removal proceedings. (Notice and Order of Expedited Removal, ECF No. 5-2, PageID.82.) Thereafter, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who, at the time of application for admission, is not in possession of valid [entry documents]" which placed Petitioner in standard, non-expedited removal proceedings under § 240 of the INA. (NTA, ECF No. 5-1, PageID.79.)

On July 10, 2019, an Immigration Judge ordered Petitioner removed to the Democratic Republic of Congo. (Removal Order, ECF No. 5-3, PageID.85.) Petitioner waived his appeal of that order, (*id.*), rendering it administratively final upon entry.[1] On July 11, 2019, DHS released Petitioner from custody on an order of supervision. (Order of Supervision, ECF No. 5-4, PageID.88–91.)

On August 2, 2026, ICE agents arrested Petitioner and served Petitioner with a Notice of Revocation of Release because ICE intended to remove Petitioner to Cameroon. (Notice of Revocation, ECF No. 5-5, PageID.94; 2026 Form I-213, ECF No. 5-6, PageID.99–100.) Petitioner was given an informal interview to respond to the revocation of his release that same day. (Informal Interview, ECF No. 5-5, PageID.96.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

[1] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

## IV. Discussion

Petitioner contends that Respondents have unlawfully detained Petitioner in violation of the INA and Petitioner's Fifth Amendment rights. Respondents, however, contend that Petitioner is properly detained under 8 U.S.C. § 1231(a), following Petitioner's final order of removal entered on July 10, 2019.

Here, it is undisputed that Petitioner's order of removal is administratively final. Ordinarily, when an individual is issued a final order of removal, that person must be detained and removed from the country within 90 days. 8 U.S.C. § 1231(a)(1)(A). However, under § 1231(a)(6), the government is permitted release individuals who are deemed "inadmissible" under specified terms of supervision. *Id.* § 1231(a)(6). Consistent with § 1231(a)(6), Petitioner was released from detention with an Order of Supervision on July 11, 2019.

The government has promulgated regulations in the Code of Federal Regulations concerning the release of noncitizens who are subject to a final removal order. *See* 8 C.F.R. § 241.4; 8 C.F.R. § 241.13. These regulations—specifically, §§ 241.4 and 241.13—also govern the revocation of such noncitizens' release. The agency must comply with the applicable regulatory and statutory requirements. *See, e.g.*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954), *superseded in part by statute on other grounds as recognized in Dept. of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 135 (2020) ("[A]s long as the regulations remain operative, the Attorney General denies himself the right to sidestep" those regulations.). As the Sixth Circuit Court of Appeals has explained:

> "The Supreme Court has long recognized that a federal agency is obliged to abide by the regulations it promulgates. *See Vitarelli v. Seaton*, 359 U.S. 535, 545 (1959); *Service v. Dulles*, 354 U.S. 363, 372 (1957); *Accardi v. Shaughnessy*, 347 U.S. 260, 267 (1954). An agency's failure to follow its own regulations 'tends to cause unjust discrimination and deny adequate notice' and consequently may result in a violation of an individual's constitutional right to due process. Where a prescribed procedure is intended to protect the interests of a party before the agency, 'even though

> generous beyond the requirements that bind such agency, that procedure must be scrupulously observed.' *Vitarelli*, 359 U.S. at 547 (Frankfurter, J., concurring); *see also* Note, *Violations by Agencies of Their Own Regulations*, 87 Harv. L.Rev. 629, 630 (1974) (observing that agency violations of regulations promulgated to provide parties with procedural safeguards generally have been invalidated by courts)."

*Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) (quoting *Sameena, Inc. v. United States Air Force*, 147 F.3d 1148, 1153 (9th Cir.1998)).

8 C.F.R. § 241.4 generally governs the continued detention of noncitizens under a final order of removal. Section 241.4(l)(2) provides:

> The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section. A district director may also revoke release of an alien when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner. Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:
>
> (i) The purposes of release have been served;
>
> (ii) The alien violates any condition of release;
>
> (iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or
>
> (iv) The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

8 C.F.R. § 241.4.

Section 241.13 governs the detention of noncitizens under a final order of removal where "there is no significant likelihood of removal in the reasonably foreseeable future." § 241.13(b). If the noncitizen was released pursuant to § 241.13, release may be revoked if, "on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." § 241.13(i)(2).

Further, the regulations governing release provide that, "[u]pon revocation of release," the noncitizen "will be notified of the reasons for revocation of his or her release," and will be given

"an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1); 8 C.F.R. § 241.13(i). Courts examining the requirements for revocation of release following a final order of removal have consistently held that the procedural requirements of notice and an interview are required for revocation of a noncitizen's release. *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1163 (S.D. Cal. 2025) (collecting cases; citations omitted).

Here, the record before the Court reveals that Petitioner was provided with notice of the reasons for the revocation of his release "[u]pon revocation" on August 2, 2026, and that Petitioner was provided with an informal interview that same day. 8 C.F.R. § 241.4(l)(1); 8 C.F.R. § 241.13(i). Therefore, the Court finds that revocation of Petitioner's supervision on August 2, 2026, did not violate Petitioner's rights under the INA or the Fifth Amendment.

As described above, § 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on July 10, 2019. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government

must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner has been detained less than six months after his order of removal became administratively final. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner contends only that Respondents have provided no evidence that Cameroon will issue travel documents or accept Petitioner. (Pet., ECF No. 1, PageID.23.) However, at this stage, it is Petitioner's burden to "prove" that Petitioner's deportation is not

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

reasonably foreseeable. He has not met that burden. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Conclusion**

For the reasons discussed above and in the Court's August 13, 2026, order denying Petitioner's motions for a temporary restraining order, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: 9/2/2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge